UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FREDDIE JONES,                          ) Case No.  CV 12-944-GW(MRW)
                                        )
                    Petitioner,         )
                                        ) ORDER DISMISSING ACTION
        vs.                             )
                                        )
DOMINGO URIBE, Warden,                  )
                                        )
                    Respondent.         )
                                        )

        The Court vacates the reference of this action to the Magistrate Judge and
dismisses Petitioner's defective state habeas action as prematurely filed.

        Petitioner Freddie Jones is an inmate at Centinela State Prison.  Mr. Jones
recently filed a motion with the Court requesting an extension of time to file a
habeas petition with the Court.  He does not have an active case on file in this
district.  Indeed, his filing is apparently an attempt to extend the deadline to file a
future habeas corpus petition challenging his state court criminal conviction.  This
procedure is not workable, though, so his action must be dismissed without
prejudice.

        According to the motion, Mr. Jones's criminal conviction was affirmed on
appeal in the state supreme court.  Although it is not clear what his crimes of
conviction were or which court affirmed the conviction, Petitioner indicates that he

intends to file a habeas petition in this Court along with two additional, undefined motions.  Mr. Jones asks this Court for an extension of several months time in order to file that petition.  Other than the motion, though, Petitioner has filed no other materials with the Court in connection with his case.

Notably, Mr. Jones has not filed an actual habeas petition with the Court.  In this way, he has failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the court.  In our district, prisoners must complete Form CV-69.  That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue in federal court.

Mr. Jones has not provided the Court with any of this important information. The Court does not know the crime or crimes for which he was convicted, the issues he raised on appeal, or why he believes that his conviction violated the U.S. Constitution.  As a result, the Court cannot grant any form of a stay or future extension of time.

* * *

A state prisoner must begin his case by filing a petition for a writ of habeas corpus.  Mr. Jones's request for an extension – in the absence of a properly filed petition – is simply inadequate and premature.  If his federal filing comes after the statutory deadline for bringing such an action, Mr. Jones may be entitled at a later time to request equitable tolling of the statutory deadline or other relief based on his dispute with his attorney.

2

Therefore, this action is hereby DISMISSED without prejudice.  For convenience, the Clerk is directed to send Mr. Jones a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

DATED: February 19, 2012

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

3